## Case No. 5,502.

GOELET et al. v. ELIZABETH et al.

[3 N. J. Law J. 14.]

District Court, D. New Jersey. Nov. 25, 1879.

EQUITY JURISDICTION—SUIT BY HOLDERS OF MUNICIPAL BONDS—MANDAMUS TO COMPEL COLLECTION OF TAXES.

Upon a bill in equity against the city of Elizabeth by holders of its bonds, application was made for an injunction and a receiver of the moneys, rights, and credits of the city, on the ground that it was insolvent and had made default in the payment of the interest on its bonds, and that its officers had collected and proposed to collect taxes and had refused to apply them to the payment of the debt. It was *held* that the complainants were not entitled to equitable relief because they had a remedy at law, viz. a writ of mandamus to compel the city to levy a tax for the payment of the debt. The question whether the court of equity could interfere after the remedy at law was exhausted was not before the court.

Bill [by Peter Goelet and others] for injunction and relief.

B. C. Chetwood, for complainants.

R. E. Chetwood and B. Williamson, for defendants.

NIXON, District Judge. This is an application for an injunction against the city of Elizabeth, its officers and agents, restraining them from receiving the debts due to said city, and from paying or transferring any of its moneys or effects, and for the appointment of a receiver or trustee to take charge of the moneys and effects of the corporation for the benefit of its creditors. The grounds on which the application is based are that the city is insolvent; that it has a bonded indebtedness of upward of five millions of dollars and has made default in the payment of the interest which has accrued thereon; that its officers have collected the revenues of the corporation and have neglected and refused to apply the same or any part thereof to the payment of the money due upon its indebtedness, but have expended the same for large salaries to officials and for extravagant public works; and that the official authorities of the city have just imposed an annual assessment for taxes for the current year, and propose to collect and receive thereunder, from the taxpayers large sums of money, which they avow will be devoted to

other purposes, and no part thereof used for the payment of the debt due to the complainants.

The original bill of complaint claims that the complainants hold six bonds of the city of Elizabeth,—four for twenty-five thousand dollars each, one for fifteen thousand dollars, and one for fourteen thousand dollars,—amounting in the aggregate to one hundred and twenty-nine thousand dollars, all bearing date January 1, 1873, and becoming due January 1, 1893, with interest, payable semi-annually on the first days of January and July at the rate of seven per cent. per annum; that they are denominated "funded debt bonds," and were authorized by an ordinance of the city, passed July 15, 1872, and were issued under the authority of an act of the legislature of the state of New Jersey entitled "A supplement to an act entitled 'An act to revise and amend the charter of the city of Elizabeth, approved March 3, 1863,'" and which supplement was approved March 17, 1875 [Laws N. J. 1875, p. 289, c. 146]; and that the city has defaulted in the payment of the interest which accrued thereon July 1, 1879. A supplemental bill filed September 18, 1879, sets up that the complainants, on the sixteenth day of September, 1879, obtained a judgment by default against the city for the sum of six thousand three hundred and seven dollars and twenty-three cents, the amount of interest due and unpaid upon the said seven bonds; that an execution has been duly issued thereon against the city and has been returned nulla bona by the marshal of the district of New Jersey, and that they were without remedy at law for the amount due upon the said judgment.

The difficulty with the complainants' case, as it appears to us, is, that they have no standing in a court of equity. The 723d section of the Revised Statutes of the United States provides that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." It may be true that the complainants have not "a plain, adequate and complete remedy at law" for all that they ask for, but we think they have for all that they are entitled to. Conceding for the present that they are judgment creditors of an insolvent municipal corporation, and that they have failed to realize upon their execution the amount of their claim, yet their remedy at law is not exhausted. By a long line of decisions in the supreme court, beginning with Knox v. Aspinwall, 24 How. [65 U. S.] 376, and ending with the recent case of U. S. v. New Orleans, 98 U. S. 381, it has been held that under the constitution and law of the United States, and especially by the provisions of the 14th section of the judiciary act [1 Stat. 81], the federal courts may issue the writ of mandamus to compel the proper authorities of municipal corpora-

tions to levy a tax for the payment of their debts when no other means have been provided to meet their obligations.

In Knox v. Aspinwall, supra, Mr. Justice Grier, in delivering the opinion of the court, seemed to emphasize the fact that the law which authorizes the issue of the bonds in the payment of the interest of which there had been a default made it the duty of the board of commissioners of the county "at the laying of the county taxes for each year to assess a special tax, sufficient to realize the amount of the interest to be paid each year." He says: "The act provides a special fund for the payment of these obligations on the faith and credit of which they were negotiated. It is especially incorporated into the contract that this corporation shall assess a tax for the special purpose of paying the interest on the coupons. If the commissioners either neglect or refuse to perform this plain duty, imposed on them by law, the only remedy which the injured party can have for such refusal or neglect is the writ of mandamus." But in Loan Association v. Topeka, 20 Wall. [87 U. S.] 655, the same court went further, and held that a statute which authorizes towns to contract debts or other obligations, payable in money, implies the duty to levy taxes to pay them, unless some other fund or source of payment is provided. It hence follows that a mandamus is the appropriate remedy to compel the authorities of a municipal corporation to provide for the payment of an existing indebtedness, by the levy of a tax, whether the law which authorized the contraction of the debt also authorized such levy or not. In U. S. v. New Orleans, supra, the court, in answer to the objection that a mandamus compelling a corporation to levy a tax for the payment of a debt when there was no statute expressly authorizing such levy was the transfer of the law-making branch of the government to the judiciary, said (page 395): "It is always to be presumed, in the absence of clear restrictive provisions, that when the legislature grants to a city the power to create a debt, it intends that the city shall pay it, and that the payment shall not be left to its caprice or pleasure. When, therefore, a power to contract a debt is conferred, it must be held that a corresponding power of providing for its payment is also conferred. The latter is implied in the grant of the former, and such implication cannot be overcome, except by express words including it."

It appears from an examination of the charter of the city of Elizabeth that the 64th section of the act amending it, approved March 4, 1863, conferred upon the common council the general power to raise by tax, in each year, such sum or sums of money as they shall deem expedient * * * "for the payment of the interest upon the city debt and upon temporary loans, and such part of the principal thereof as may be due and payable." The supplement thereto, under which

the complainants' bonds are alleged to have been issued, is silent as to providing the means of their payment. The legislature probably thought that the authority in the original charter was ample enough, inasmuch as the supplement gave no power to incur new liabilities, but simply to issue funded debt bonds for the amount of the floating debt already contracted. But whether this was so or not, in view of the opinion of the supreme court above quoted, there can be no doubt that this court has the power at law to compel the corporation to provide, by taxation, the means to pay the accrued interest upon the bonds of the complainants, which is all at the present time that they are entitled to demand.

Whether the court has the right to interfere by entertaining proceedings in equity after the remedies at law have been exhausted, it will be time enough to consider when the exigency arises. It has not yet arisen. It is sufficient to add that, under the circumstances, as they now exist, we think that the suit cannot be sustained, and that the bill of complaint must be dismissed; and it is ordered accordingly.

On December 12, 1879, the following order was entered in the proceedings taken to obtain a mandamus for the executors of Peter Goelet, deceased, plaintiff in the above case, as well as the executors of Robert Goelet, deceased: "The President of the United States ex rel. Robert Goelet et al.; Ex'rs, etc., Robert Goelet, deceased; and Elbridge T. Gerry et al., Ex'rs, etc., Peter Goelet, deceased, v. The City Council of the City of Elizabeth. Ordered by the court that the city council of Elizabeth show cause before said circuit court to be holden at the United States courthouse in the city of Trenton on December 22, 1879, at 10 a. m., or as soon thereafter as the court can attend to the same, why a writ of mandamus should not issue out of and under the seal of this honorable court to the said city council of Elizabeth, to be directed, commanding and enjoining said city council forthwith to meet together and adopt measures for the immediate levying and collecting of a tax for the amount due upon a certain judgment recovered by Peter Goelet and Robert Goelet, both deceased (and of whom these relators are the representatives), against the city of Elizabeth, on September 16, 1879, for the sum of $6,307.23, with interest to the time when the same shall be paid, and the execution issued thereon upon all the property in the said city of Elizabeth."

In the case of the same plaintiffs against the board of assessment and revision of taxes of the city of Elizabeth, a similar order to show cause was also granted, "commanding and enjoining the said board of assessment and revision of taxes forthwith to meet together and assess and levy a tax for the amount due upon a certain judgment recovered by Peter Goelet and Robert Goelet, both

deceased (and of whom these relators are the representatives), against the city of Elizabeth, on September 16, 1879, for the sum of $6,307.23, with interest to the time when the same shall be paid, and the execution issued thereon upon all the property within the said city of Elizabeth."